## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ALLSTATE CONSTRUCTION, INC.

VERSUS

SCOTTSDALE INSURANCE COMPANY

CIVIL ACTION

23-1312-SDD-EWD

## RULING

This matter comes before the Court on the Motion to Dismiss filed by Scottsdale Insurance Company ("Scottsdale" or the "Defendant").[1] Plaintiff, Allstate Construction, Inc. d/b/a Allstate Construction Roofing, Inc. ("Allstate" or the "Plaintiff") filed an Opposition to which Defendant filed a Reply.[2] For following reasons, the motion is granted.

### I. FACTS AND PROCEDURAL BACKGROUND

Plaintiff alleges the following: A former party to this action, My Le Troung, owned a "shopping center property" in Baton Rouge, Louisiana (the "Property").[3] The Property was insured by Defendant.[4] On or around August 29, 2021, Hurricane Ida caused significant damages to the Property.[5] These damages were covered by a policy issued by Defendant (the "Policy").[6] Troung timely reported the loss to Defendant and requested coverage.[7] Troung and Plaintiff complied with all requests, conditions, and demands pursuant to the Policy.[8] Troung executed an Assignment of Insurance Benefits (the

---

[1] Rec. Doc. 14.
[2] Rec. Docs. 23 and 24.
[3] Rec. Doc. 11, p. 2.
[4] *Id.* at pp. 2–3.
[5] *Id.* at p. 3.
[6] *Id.*
[7] *Id.*
[8] *Id.*

"AOB") assigning all "assignable rights, benefits, interests, proceeds, and any causes of action under any applicable insurance policies" to Plaintiff.[9]

On October 5, 2021, Defendant inspected the property damage, and subsequently Defendant paid Plaintiff $9,592.32, representing $12,092.32 in actual cash value ("ACV") minus the $2,500 policy deductible.[10] Plaintiff contends this payment was insufficient to make meaningful repairs.[11] Consequently, Plaintiff "was forced to incur the expense of retaining legal counsel, an adjusting company, an engineer, and other expenses to prosecute its claim."[12] On February, 23, 2022, Plaintiff provided Defendant with a partial proof of loss, a demand for payment, and an estimate of damages.[13] On April 20, 2022, Defendant rejected Plaintiff's estimate and demand.[14] Plaintiff alleges that its estimate of loss was significantly different than Defendant's estimate, but Defendant did not issue supplemental payment nor did Defendant attempt to settle Plaintiff's claim.[15] On June 29, 2022, Plaintiff demanded appraisal and named its appraiser.[16] Defendant initially refused proceeding with an appraisal, but later agreed and named its own appraiser.[17] The appraisal assigned replacement cash value ("RCV") of $164,011.26 and $150,166.78 ACV.[18] The appraisal was "significantly greater" than Defendant's original estimate of $17,742.32 RCV, $12,092.32 ACV, and Defendant's payment of $9,592.32.[19]

---

[9] *Id.* at p. 4.
[10] *Id.* at p. 5.
[11] *Id.*
[12] *Id.* at p. 6.
[13] *Id.*
[14] *Id.*
[15] *Id.* at p. 7.
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.* at p. 8.

On June 15, 2023, Defendant informed Plaintiff that it "did not owe payment for the $13,844.48 in recoverable depreciation awarded in the Appraisal Award."[20] That same day, Defendant paid Plaintiff $138,074.46.[21] To date, Plaintiff is awaiting a payment of $147,666.78 for the Property's damages.[22] Plaintiff alleges *inter alia* that Defendant failed to timely and adequately compensate Plaintiff and handled Plaintiff's claim in bad faith, in violation of Louisiana Revised Statutes ("La. R.S.") §§ 22:1892 and 22:1973.[23] Defendant moves to dismiss Plaintiff's bad faith claims (Counts Two and Three of the Amended Complaint)[24] arguing that the AOB did not provide a right to seek such claims.[25]

## II.  LAW AND ANALYSIS

### A.  Rule 12(b)(6) Motion to Dismiss Standard

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[26] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[27] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[28]

---

[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] *Id.* at pp. 8–9.
[24] Plaintiff filed suit on September 18, 2023. Rec. Doc. 1. Plaintiff filed its First Amended Complaint (the "Amended Complaint") on October 11, 2023. Rec. Doc. 11. The Amended Complaint is the operative complaint.
[25] Rec. Doc. 14.
[26] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[27] *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[28] *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[29] A complaint is also insufficient if it merely "tenders 'naked assertions' devoid of 'further factual enhancement.'"[30] However, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[31] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully."[32] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[33] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[34]

### B. Assignment of Rights

Recently, several federal court decisions have addressed whether an assignment of rights unambiguously includes the right to seek bad faith claims under La. R.S. §§22:1973 and/or 22:1892.[35]

---

[29] *Twombly*, 550 U.S. at 555 (2007) (internal citations and brackets omitted).
[30] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and brackets omitted).
[31] *Id.*
[32] *Id.*
[33] *Taha v. William Marsh Rice Univ.*, 2012 WL 1576099, at *2 (S.D. Tex. 2012) (quoting *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[34] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[35] *See Chiartano v. State Farm Fire & Cas. Ins. Co.*, 2024 WL 3105011(E.D. La. June 24, 2024); *Cat 5 Glob., LLC v. Occidental Fire & Cas. Co. of N. Carolina*, 2024 WL 169649, (E.D. La. Jan. 16, 2024); *Allstate Constr., Inc., d/b/a Allstate Constr. Roofing, Inc, as assignee of vina cleaners LLC. v. Ohio Sec. Ins. Co.*, 2024 WL 3796164 (M.D. La. Aug. 13, 2024); *I Say I Say I Say, LLC v. Auto. Ins. Co. of Hartford, Conn.*, 2024 WL 3639526 (E.D. La. Aug. 2, 2024).

In *Cat 5 Global, LLC v. Occidental Fire and Casualty Company of North Carolina*, decided by the Eastern District of Louisiana, a non-party owned property that sustained damage from Hurricane Ida.[36] The property owner assigned its insurance benefits to the plaintiff.[37] The plaintiff then sued the insurer alleging claims for statutory bad faith penalties.[38] The insurer moved for dismissal because the assignment of rights did not include the right to raise claims for bad faith penalties.[39] Citing the Western District of Louisiana in *Frisbie v. State Farm Fire & Casualty Company*,[40] the court found that "under Louisiana law, the assignment of the right to bring an extra-contractual, statutory claim for bad faith penalties must be expressly provided for in the act of assignment."[41] The Eastern and Western Districts reasoned that bad faith claims do not arise from the insurance contract itself, but rather from an insurer's violation of its statutory duties.[42] In *Cat 5 Global*, the assignment of rights provided that "any and all other insurance rights, benefits and proceeds shall continue to belong to the [property owner]."[43] The Eastern District found that this language did not expressly assign the plaintiff a right to seek statutory bad faith penalties, and dismissed the assignee's bad faith claim.[44]

Most recently, this District considered an analogous action in *Allstate Construction, Inc. et al v. Ohio Security Insurance Company*.[45] The Court relied on the Louisiana Second Circuit Court of Appeal's decision in *Johno v. Doe*, which distinguished an

---

[36] 2024 WL 169649.
[37] *Id.* at *1.
[38] *Id*.
[39] *Id*.
[40] *Id.* (citing 2023 WL 6284272 (W.D. La. Sept. 26, 2023)).
[41] *Id.* (citing *Frisbie*, 2023 WL 6284272, at *3).
[42] *Id.* (citing *Johno v. Doe*, 2015-0737 (La. App. 4 Cir. 3/9/16), 187 So. 3d 581, 585, writ denied, 2016-0777 (La. 6/17/16), 192 So. 3d 769).
[43] *Id.* at *2.
[44] *Id*.
[45] 2024 WL 3796164 (M.D. La. Aug. 13, 2024).

assignment of a contractual claim from an assignment of a statutory claim.[46] This Court concluded that an insurer's duties under the statutes are "separate and distinct from its duties under the insurance contract,"[47] and therefore, "any language indicating relief under the bad-faith statutes must be *explicitly* expressed."[48] The assignment of benefits in *Ohio Security Insurance* provided the following:

> The undersigned is the Assignor/Owner/Agent for the Property listed below and has/have certain rights to insurance contracts and policies on the Property (hereinafter "Assignor"). Assignor hereby assigns any and all insurance rights, benefits, interests, proceeds, and any causes of action under any applicable insurance policies to Allstate Construction Inc. (hereinafter "Assignee" and/or "Company") for services rendered or to be rendered by the Company. By executing this Agreement, Assignor intends for all rights, benefits, and proceeds for services rendered by the Company for the repair, restoration, and mitigation against future damage to the Property. [49]

The Court found that this provision did not expressly include language pertaining to the bad faith penalty statutes.[50] Consequently, the plaintiff's bad faith claims were dismissed.[51]

### C. Analysis

The Court finds that Defendant's motion must be granted. Plaintiff in the instant case is also the plaintiff in *Ohio Security Insurance*. The assignment of benefits herein is identical to the one in *Ohio Security Insurance*.[52] The AOB in this case did not expressly assign the right to pursue statutory bad faith claims.

---

[46] *See Id.* (explaining that the state court distinguished the plaintiff's contractual claims from the insured's statutory duties).
[47] *Id.* (citing *Durio v. Horace Mann Ins. Co.*, 11-0084, p.18 (La. 10/25/11),74 So.3d 1159, 1170) (in which the Supreme Court of Louisiana explained that "[t]he duties of an insurer under the statute 'are separate and distinct from its duties under the insurance contract.'").
[48] *Id.* (citing *Franks v. Liberty Pers. Ins. Co.*, 2023 WL 2309819 at *2 (W.D. L.A. Mar. 1, 2023)).
[49] *Ohio Sec. Ins.,* 2024 WL 3796164, at *3.
[50] *Id.* at *4.
[51] *Id.* at *5.
[52] Rec. Doc. 14-4, p. 1.

Plaintiff's arguments do not overcome this deficiency. Plaintiff argues that when a contract's provision raises doubt, it must be interpreted "in light of the nature of the contract, equity, usages, the conduct of the parties before and after formation, and of other contracts of a like nature between the parties," relying on Louisiana Civil Code articles 2045 and 2046.[53] Plaintiff argues that Troung intended to assign Plaintiff the right to seek bad faith claims.[54] But, "whether a contract is clear or ambiguous is a question of law"[55] and here, the Court finds that the AOB is unambiguous hence the Court need not undertake these additional considerations.[56]

Plaintiff argues that the Court should use parol evidence to discern the parties' intent with the AOB.[57] The Court rejects this argument. Plaintiff made this argument and relied on the same case law in *Ohio Security Insurance*.[58] In that case, the Court reasoned that, "when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. The meaning and intent of the parties must be sought within the four corners of the document and cannot be explained or contradicted by parol evidence."[59] Further, the Court found that the cases relied on by Plaintiff did not concern nor address statutory bad faith penalties.[60] Because the AOB is unambiguous, the Court need not consider parol evidence.

---

[53] Rec. Doc. 23, p. 3.
[54] *Id.* at p. 4.
[55] *Angus Chem. Co. v. Glendora Plantation, Inc.*, 782 F.3d 175, 180 (5th Cir. 2015) (quoting *Sims v. Mulhearn Funeral Home, Inc.*, 956 So.2d 583, 590 (La. 2007)).
[56] *See* La. Civ. Code Ann. art. 2046 ("When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent.").
[57] Rec. Doc. 23, p. 4.
[58] 2024 WL 3796164, at *5.
[59] *Id.* (quoting *Tolar v. Tolar,* 25,935 (La.App.2d Cir. 6/22/94), 639 So.2d 399, 401).
[60] *See Id* (discussing *Shreveport Great Empire Broad., Inc. v. Chicoine*, 528 So. 2d 633 (La. Ct. App. 1988) and *Bossier Orthopedic Clinic v. Durham,* 32, 543 (La. App. 2 Cir. 12/15/99), 747 So. 2d 731, and finding

Finally, Plaintiff argues that the cases Defendant relies on are distinguishable to the facts herein.[61] Defendant relies on *Johno*, *Franks v. Liberty Personal Insurance Company*, and *In re Katrina Canal Breaches Consolidated Litigation*.[62] Plaintiff contends that the AOB includes much broader language than any of the assignment provisions at issue in these cases.[63] This argument is unconvincing. The Court has explained that the proper inquiry is whether an assignment of benefits *explicitly* assigns the right to seek bad faith claims. Thus, a broad provision that nonetheless fails to overtly assign the right to seek bad faith claims is insufficient to overcome a motion to dismiss. Accordingly, Defendant's motion is granted.

### III. CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss[64] is hereby **GRANTED**. Counts Two and Three of the Amended Complaint[65] are dismissed with prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on this __24th__ Day of September, 2024.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

that neither case considered the use of parol evidence when analyzing ambiguous assignments of rights claims pertaining to bad faith penalty statutes).
[61] Rec. Doc. 23, p. 5.
[62] Rec. Doc. 14-2, pp. 7–8 (citing *Johno*, 187 So.3d 58; *Franks*, 2023 WL 2309819, at *2; and *In re Katrina Canal Breaches Consol. Litig.*, 2011 WL 13205919, at *10).
[63] Rec. Doc. 23, p. 5.
[64] Rec. Doc. 14.
[65] Rec. Doc. 11, pp. 12–14.